IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS and RAFAEL CABRERA, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 14-362 ) |
| v. | ) Judge Cathy Bissoon ) Magistrate Judge Lisa Pupo Lenihan |
| MARK R. HORNAK, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiffs have appealed the Magistrate Judge's Order dated April 1, 2014 (Doc. 7), which denied their Motion to Proceed *In Forma Pauperis* ("IFP"). Although the Magistrate Judge viewed the Order as being nondispositive,[1] the District Court believes that the more appropriate course is to treat the ruling as dispositive. *See* <u>Glover v. Udren</u>, 2012 WL 1436564, *4 (W.D. Pa. Feb. 16, 2012) (citing decision holding that denial of motion to proceed IFP is "functional equivalent of involuntary dismissal," and, therefore, is dispositive). Thus, the District Court will review the ruling *de novo*.

The denial of IFP status regarding Plaintiff Frederick Banks will be affirmed. Mr. Banks purports to be a "partial[] assign[ee]" of claims belonging to the other Plaintiff, Rafael Cabrera. *See* Doc. 1 at ¶ 1. Civil rights, however, are individualized, and there is no legal support for the proposition that they may be "assigned" to others. *See generally* <u>Wall v. Black</u>, 2009 WL 3215344, *3 n.1 (S.D. Miss. Sept. 30, 2009) (noting court's rejection, under similar

---

[1] *See* Order at 2 (citing Local Rule 72.C.2, regarding magistrates' adjudication of nondispositive pretrial matters).

circumstances, of Mr. Banks's purported "assignee" status). To the extent that Mr. Banks claims to formally represent Mr. Cabrera's legal interests, moreover, that would be equally inappropriate. *See, e.g.*, Alexander v. N.J. Parole Bd., 2005 WL 3542556, *1 n.1 (3d Cir. Dec. 28, 2005) ("a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates") (citations omitted); Baker v. Vaughn Corr. Ctr., 2010 WL 3893465, *3 (D. Del. Sept. 30, 2010) ("while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court") (collecting cases). Finally, to the extent that Mr. Banks purports to assert claims on his own behalf, the Magistrate Judge correctly held that Mr. Banks has submitted neither a financial affidavit nor a trust fund account statement, as required under 28 U.S.C. § 1915(a). The Magistrate Judge's denial of Plaintiffs' IFP Motion, as related to Mr. Banks, is AFFIRMED, and the Magistrate Judge's reasoning is adopted as the opinion of the District Court.

As to Mr. Cabrera, this Plaintiff has completed a financial affidavit, and he alleges that a six-month trust fund statement is unavailable because he "has not been confined for six months." *See* Mot. for IFP (Doc. 2) at ¶ 5. This assertion appears demonstrably false, given that Mr. Cabrera has, since February 14, 2013, been under an order of detention pending trial in U.S. v. Rafael Cabrera, Cr. No. 13-48 (W.D. Pa., Hornak, J., presiding). *See* Order of Detention (Doc. 8 in CR 13-48). While the Court may presume that the institution (or institutions) currently and/or previously housing Mr. Cabrera have inmate trust fund account system(s) or institutional equivalents,[2] he also alleges that institutional "staff would not provide him with [an account] statement." *See* Pls.' Objs. (Doc. 8) to April 1st Order.

---

[2] The place of Mr. Cabrera's current incarceration is not identified in this case. The criminal action against him indicates that he resides at NEOCC, in Youngstown, Ohio. *See* Dkt. in CR 14-38.

Although Mr. Cabrera has done little to explain or support this contention, it precludes the Court from resolving his IFP request in a summary fashion. *See generally* Williams v. Mestas, 2009 WL 4609755, *2 n.2 (10th Cir. Dec. 8, 2009) (suggesting that facility's unwarranted refusal to issue/certify trust fund account statement *may*, if properly demonstrated, excuse compliance with § 1915(a)(2)). Thus, this case will be reopened, and the April 1st Order is vacated to the extent that it addresses Mr. Cabrera's request for IFP status.

IT IS FURTHER ORDERED that Mr. Cabrera shall, by **May 9, 2014**, file with the Court either: (a) a certified copy of the trust fund account statement(s) (or institutional equivalent(s)) for the 6-month period immediately preceding the filing of his Motion for IFP/Complaint, obtained from the appropriate official of each facility at which Mr. Cabrera was confined; or (b) a submission containing and/or attaching any and all evidence or information supporting his contention that the facility/facilities in question has/have refused to provide a certified trust fund account statement or institutional equivalent. *See generally* Williams at *2 n.2 (institutional staff's refusal to certify account statement must be demonstrated by "specific and supported allegations"). The Court does not anticipate granting Mr. Cabrera further opportunities to supplement the record, so he must make last, best efforts to demonstrate his compliance with 28 U.S.C. § 1915(a).

Finally, particularly in light of the Court's denial of Mr. Banks's request for IFP status and because Mr. Banks cannot represent Mr. Cabrera in this or any other action, case-related mailings should not and, ultimately, will not be sent to Mr. Cabrera "C/O" Mr. Banks, but, rather, should and will be sent directly to Mr. Cabrera. *See Pro Se* Packet for the United States District Court for the Western District of Pennsylvania, http://www.pawd.uscourts.gov/Documents/Forms/PROSE_manual_2009.pdf (indicating all

Although Mr. Cabrera has done little to explain or support this contention, it precludes the Court from resolving his IFP request in a summary fashion. *See generally* Williams v. Mestas, 2009 WL 4609755, *2 n.2 (10th Cir. Dec. 8, 2009) (suggesting that facility's unwarranted refusal to issue/certify trust fund account statement *may*, if properly demonstrated, excuse compliance with § 1915(a)(2)). Thus, this case will be reopened, and the April 1st Order is vacated to the extent that it addresses Mr. Cabrera's request for IFP status.

IT IS FURTHER ORDERED that Mr. Cabrera shall, by **May 9, 2014**, file with the Court either: (a) a certified copy of the trust fund account statement(s) (or institutional equivalent(s)) for the 6-month period immediately preceding the filing of his Motion for IFP/Complaint, obtained from the appropriate official of each facility at which Mr. Cabrera was confined; or (b) a submission containing and/or attaching any and all evidence or information supporting his contention that the facility/facilities in question has/have refused to provide a certified trust fund account statement or institutional equivalent. *See generally* Williams at *2 n.2 (institutional staff's refusal to certify account statement must be demonstrated by "specific and supported allegations"). The Court does not anticipate granting Mr. Cabrera further opportunities to supplement the record, so he must make last, best efforts to demonstrate his compliance with 28 U.S.C. § 1915(a).

Finally, particularly in light of the Court's denial of Mr. Banks's request for IFP status and because Mr. Banks cannot represent Mr. Cabrera in this or any other action, case-related mailings should not and, ultimately, will not be sent to Mr. Cabrera "C/O" Mr. Banks, but, rather, should and will be sent directly to Mr. Cabrera. *See Pro Se* Packet for the United States District Court for the Western District of Pennsylvania, http://www.pawd.uscourts.gov/Documents/Forms/PROSE_manual_2009.pdf (indicating all

*pro se* filings must include plaintiff's address).[3]  Thus, by **May 9, 2014**, Mr. Cabrera also shall provide to the Court a notice of change of address, identifying his **own** mailing address.

    IT IS SO ORDERED.


April 24, 2014                                                              s\Cathy Bissoon
                                                                               Cathy Bissoon
                                                                               United States District Judge

cc (via First-Class U.S. Mail):

Frederick Banks
05711068
NEOCC
2240 Hubbard Rd.
Youngstown, OH  44505

Rafael Cabrera
c/o Frederick Banks
05711068
NEOCC
2240 Hubbard Rd.
Youngstown, OH  44505

---

[3]  Indeed, continued service of Mr. Cabrera through Mr. Banks fails to envision the very real possibility that they may find themselves at different facilities at some point in the future. Moreover, the Court refuses to leave open the possibility that Mr. Cabrera may, at some juncture, contend that he did not receive court notices or other correspondence intended for him because his mail was sent in care of Mr. Banks.